```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

NATHANIEL R. BRAZILL,

               Plaintiff,

vs.                                    Case No.  2:10-cv-458-FtM-29DNF

BETH E. COWART, RONALD L. HOLMES,
CELISTE  KEMP, T. WILLIAMS-HARRIS,
SKIPPER  H.  POWELL,  and  ROGER  D.
MCCRACKEN,

               Defendants.
_____

## ORDER OF PARTIAL DISMISSAL

This matter comes before the Court upon review of the file. Nathaniel R. Brazill, a *pro se* plaintiff who is in the custody of the Florida Department of Corrections, initiated this action by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. #9. On November 15, 2010, Plaintiff filed completed service of process forms for the Defendants.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a

screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ___, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the

plaintiff's claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Additionally, the Court may dismiss a case when the allegations in the Complaint on their face demonstrate that an affirmative defense bars recovery of the claim. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

**II.**

In the instant action, Plaintiff names the following Defendants: Beth E. Coward, Colonel of DeSoto Correctional; Ronald L. Holmes, Assistant Warden of Desoto Correctional; Celiste Kemp and T. Williams-Harris, State Classification Officers with the Florida Department of Corrections; Skipper H. Powell, Warden of Okeechobee Correctional; and, Roger D. McCracken, Assistant Warden of Okeechobee Correctional. Complaint at 1-2.

The gravamen of Plaintiff's Complaint is that he was transferred from DeSoto Correctional to Okeechobee Correctional on December 2, 2009, in retaliation for filing a civil rights action against Defendants Cowart and Holmes in September 2009 in state court. Complaint at 4. As a result of the transfer, Plaintiff states that he "lost a comfortable work assignment in the air-conditioned law library at DeSoto and now has a more severe work assigned in the sun and heat picking up trash at Okeechobee." Id. at 10. Plaintiff submits that Okeechobee Correctional is a more dangerous institution than DeSoto Correctional. Plaintiff further states that as a result of his transfer, he is "reluctant to file other civil complaints like that one [sic] where prison officials can transfer the Plaintiff and rendered such actions moot and the filing fee- which is not refundable-wasted [sic]." Id.

Additionally, Plaintiff claims that on November 5, 2009, Defendant Cowart placed Plaintiff in administrative confinement at DeSoto Correctional, for a period of twenty-seven days until the date of his transfer, in retaliation for his state civil rights action. Id. at 5-6. Plaintiff alleges that Defendants Kemp and Williams-Harris, as Classification Officers for the Florida Department of Corrections, are responsible for "managing" and "overseeing" inmate transfers. Id. at 7, 14-18. Plaintiff alleges that Defendants Powell and McCracken received Plaintiff's inmate grievances once he arrived at Okeechobee Correctional, failed to

investigate Plaintiff's claims, and denied his inmate grievances. Id. at 6-8, 25-28.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986)(per curiam). While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, Moody v. Daggett, 429 U.S. 78, 88 (1976), prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against

prison officials. Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985). Such retaliatory transfers violate an inmate's First Amendment rights. Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).

The Court finds the instant action against Defendants Powell, McCracken, Kemp, and Williams-Harris is subject to dismissal for failure to state a claim. While the Complaint alleges that a retaliatory transfer occurred, the Complaint does not allege a causal connection between Defendants Powell and McCracken, and the alleged retaliatory transfer from DeSoto Correctional. Instead, Plaintiff attributes liability on Defendants Powell and McCracken based on their review and respective responses to Plaintiff's inmate grievances concerning the incidents that took place before he was transferred to Okeechobee Correctional. Complaint at 6-8.

According to the Complaint, Plaintiff submitted inmate grievances to Defendants Powell and McCracken, who are the Warden and Assistant Warden at Okeechobee Correctional, concerning the incidents at DeSoto Correctional. Id. Plaintiff specifically alleges that Defendant Powell denied one of Plaintiff's inmate grievances by writing that Plaintiff was transferred "due to the lawsuit filed against the Department of Corrections." Id. at 6. As to Defendant McCracken, Plaintiff states that McCracken denied one of Plaintiff's inmate grievances and indicated that "Plaintiff was 'confined pending investigation' and that the Plaintiff failed

'to demonstrate with creditable [], substantive, and actual evidence that malice, reprisal, and retaliation were the basis of [his] confinement." Id. at 7. Plaintiff generally claims that Defendants Powell and McCracken "repeatedly misled and thereby hindered" him. Id.

A prisoner has no constitutionally-protected interest in an inmate grievance procedure. Thomas v. Warner, 237 F. App'x 435, 437-38 (11th Cir. 2007); Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005). Thus, to the extent Plaintiff attributes liability on Defendants Powell and McCracken based on their respective responses to Plaintiff's inmate grievances, the Complaint must be dismissed for failure to state a claim. See Baker, 159 F. App'x at 62 (finding because a prisoner has no constitutionally protected interest in the inmate grievance procedure, failure to take corrective action upon the filing of an inmate grievance at the institutional level did not amount to a due process violation). Further, it is unclear what Plaintiff means by his allegation that Defendants Powell and McCracken "misled" or "hindered" him. And, even liberally construing the Complaint, the Court cannot conceive of any constitutional violations stemming from this allegation. Therefore, the Court will dismiss this action as to Defendants Powell and McCracken.

With regard to Defendants Kemp and Williams-Harris, Plaintiff states that these Defendants manage inmate transfers. In conclusory terms, Plaintiff alleges that Defendants Kemp and Williams-Harris "reasonabl[y] knew that the Plaintiff's transfer from DeSoto was in retaliation for the civil complaint he filed based on . . . [their] review of the Plaintiff's grievance of reprisal and appeal." Complaint at 15, 18-19 (citing Exhs. D, E, F, G).

The assertion does not raise his right to relief against Defendants Kemp and Harris above the speculative level. <u>Twombly</u>, 550 U.S. at 555. In particular, there are no allegations that Defendants Kemp or Williams-Harris knew that Plaintiff had filed a civil action in state court against any officers from DeSoto Correctional. The Complaint does not allege that Defendants Kemp or Williams-Harris approved of Plaintiff's transfer in retaliation. Instead, Plaintiff claims that Defendants became aware that Plaintiff was transferred in retaliation based on inmate grievances Plaintiff submitted <u>after</u> he was transferred. Significantly, none of Plaintiff's inmate grievances appear to have been reviewed by Defendants Kemp, or Williams-Harris. Plaintiff's allegations that Defendants knew to transfer him in retaliation are wholly conclusory, devoid of specific factual support, and consist of nothing more than speculation. Such allegations need not be accepted as true, and are insufficient to state a constitutional

claim. Iqbal, 129 S. Ct. 1937 (2009). Thus, the Court dismisses this action as to Defendants Kemp and Williams-Harris. The case will proceed only as to Defendants Holmes and Powell, and service of process by the United States Marshal will be directed by separate order.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice** as to Defendants Powell, McCracken, Kemp, and Harris pursuant to 28 U.S.C. § 1915A(b)(1).

2. The Clerk of Court shall enter judgment as to these individuals only, and edit the docket to reflect their dismissal.

**DONE AND ORDERED** at Fort Myers, Florida, on this __14th__ day of March, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record