```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

NATHANIEL R. BRAZILL,

               Plaintiff,

vs.                             Case No.  2:10-cv-458-FtM-29DNF

BETH E. COWART, RONALD L. HOLMES, G.
MORRIS, S. PARKER and J. LAWSON

               Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendant Cowart's Motion to Dismiss (Doc. #25, Motion). Plaintiff filed a response (Doc. #26, Response) in opposition, attaching as exhibits his own affidavit, and additional inmate grievances and responses thereto. This matter is ripe for review.

### I. Facts

Plaintiff Nathaniel Brazill, who is proceeding *pro se*, initiated this action as a prisoner in the custody of the Florida Department of Corrections by filing a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is now proceeding on his Amended Complaint (Doc. #21, Amended Complaint) against Beth Cowart, Ronald Homes, G. Morris, S. Parker, and J. Lawson, in their official and individual capacities.[1] See Amended Complaint. Plaintiff states that Defendant Beth Cowart was the Chief of Security at Desoto

---

[1] Service of process has not yet been executed on Defendants Holmes, Morris, Parker, and Lawson.

Correctional and a member of the Institutional Classification Team who had the authority to make inmate status decisions or direct that inmate special review classification be requested from the State Classification Officers; Defendant Ronald Holmes was the Assistant Warden at DeSoto Correctional and a member of the Institutional Classification Team who was responsible for making inmate status decisions at the institution or directing inmate special review classifications from the State Classification Officers; Defendants G. Morris and S. Parker were the State Classification Officers for the Florida Department of Corrections, and either approved or disproved of inmate transfers; and, Defendant J. Lawson was the Chief of Security at Hardee Correctional Institution. Id. at 3-4.

The gravamen of the Amended Complaint is that Plaintiff was transferred twice from different institutions within the Department of Corrections and placed in administrative confinement on two occasions in retaliation for filing a state civil action against Defendants Cowart and Holmes. See generally Amended Complaint. Specifically, Plaintiff alleges that on September 11, 2009, he filed a civil complaint in State court against Defendant Cowart and Holmes challenging the conditions of his confinement at Desoto Correctional. Id. at 4. The Defendants were served process on October 9, 2009, while Plaintiff was away from Desoto Correctional. Id. at 5. On October 28, 2009, Plaintiff returned to DeSoto

Correctional. Id. On October 3, 2009, Plaintiff alleges that Mrs. Lottie Rember, Desoto's former law library supervisor, told Plaintiff to "watch himself" because Defendant Cowart was mad about the lawsuit. Id. On November 5, 2009, Plaintiff claims that Lieutenant McKenzie told Defendant Cowart about Plaintiff's return to Desoto Correction, and that same afternoon Plaintiff was placed on administrative confinement. Id. On November 11, 2009, Plaintiff inquired about the reason for his placement in confinement and Defendant Cowart responded that he was "under investigation." Id. at 6. That same day Plaintiff wrote to Mrs. Ardine Primus, who was Plaintiff's classification officer, inquiring about the reason for his confinement. Plaintiff claims Mrs. Primus told him "pending transfer, due to litigation about staff at Desoto C.I." Id. Plaintiff states that he was held in confinement for twenty-seven days. Id.

Plaintiff alleges that between November 5, 2009 and December 2, 2009, Defendant Morris approved a "special review classification and transfer" of Plaintiff from DeSoto. Id. at 7. Plaintiff claims the transfer was approved due to the lawsuit Plaintiff filed against Defendant Cowart and Holmes. Id. On December 2, 2009,[2] Plaintiff was transferred from DeSoto

---

[2] The date of Plaintiff's transfer from Desoto to Okeechobee could either be December 2, 2009, or December 8, 2009. Significantly, the Amended Complaint alleges Plaintiff was transferred on December 2, but does not say to where he was
(continued...)

Correctional to Okeechobee Correctional, which is approximately 85 miles away from the majority of Plaintiff's approved visitors. Id. at 6-8.

On July 22, 2010, Defendant Cowart accepted a staff position at Okeechobee. That same day, Plaintiff claims Mr. J.A. Hardaker, who was Plaintiff's classification officer, told Plaintiff that he "was to be immediately transferred because Defendant Cowart did not want him at Okeechobee with her." Id. at 7. That same day, Defendant Parker approved a "special review classification and transfer" of Plaintiff from Okeechobee. Plaintiff claims the transfer was approved due to the lawsuit he filed against Defendant Cowart while at Desoto. Id.

On August 3, 2010, Plaintiff was transferred from Okeechobee to Hardee Correctional, which is approximately 170 miles away from the majority of Plaintiff's approved visitors. Id. at 8. On January 3, 2011, Plaintiff claims he was placed in administrative confinement where he remained until January 6, 2011, at the direction of Defendant Lawson, the Chief of Security at Hardee Correctional, because Defendant Cowart was present at Hardee. Id. As relief Plaintiff seeks declaratory judgment, and nominal and punitive damages against each Defendant. Id. at 35-36.

---

[2](...continued)
transferred. Amended Complaint at 6, ¶ 29. The Amended Complaint later states that Plaintiff was transferred on December 8, 2009 to Okeechobee. Id. at 7, ¶32.

Defendant Cowart moves to dismiss the Amended Complaint and raises the following arguments in support: Plaintiff has not exhausted his administrative remedies; the Amended Complaint fails to state a retaliation claim against Defendant Cowart because there are no facts alleging a causal connection; Defendant Cowart is entitled to qualified immunity; and, Plaintiff fails to state a claim for punitive damages. See generally Motion. In Response, Plaintiff opposes each of Defendant's arguments, but concedes that he has not adequately stated a claim for punitive damages. See generally Response.

## II.  Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Amended Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[3] Id.

---

[3]The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is
(continued...)

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Conley v. Gibson, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701.

### III. Exhaustion of Administrative Remedies

Defendant Cowart argues that Plaintiff has "failed to demonstrate that he exhausted his administrative remedies" based on the grievances attached to his Amended Complaint Motion at 5. In Response, Plaintiff asserts that whether he exhausted his administrative remedies is an affirmative defense that Defendant

---

[3](...continued)
a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

must prove, and therefore Defendant is improperly placing the burden on the Plaintiff to prove that he exhausted his administrative remedies. Response at 4. Nevertheless, Plaintiff submits that he will demonstrate that he exhausted his remedies with respect to his claims against Defendant Cowart. Id. at 4-7; see also Inmate Grievances attached thereto.

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added). A prisoner must exhaust all available administrative remedies before filing an action in federal court. Woodford v. Ngo, 548 U.S. 81, 88 (2006); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Although prisoners are not required to plead exhaustion, Jones v. Bock, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." Id. at 211; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). In order to exhaust, the inmate must comply with "all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure -to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." Id. at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

Here, Defendant Cowart states that Plaintiff fails to show that he exhausted his administrative remedies because Plaintiff did not attach to his Amended Complaint copies of any grievances that reference the November 5, 2009, and December 8, 2009 dates, on which Plaintiff was placed in administrative confinement and transferred to Okeechobee. Motion at 6. Defendant also submits that Plaintiff fails to attach to his Amended Complaint any inmate grievances referencing the August 3, 2010 date, on which he was

transferred to Hardee Correctional, or the January 3, 2011 date, on which he was held in administrative confinement at Hardee Correctional. Id. at 6-7. Defendant, however, does not provide documents to demonstrate that Plaintiff failed to exhaust his administrative remedies. Jones, 127 S. Ct. at 914. Therefore, the Court denies Defendant's Motion based on this argument.

### IV. Retaliation Claims

Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1968)(per curiam). While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, Moody v. Daggett, 429 U.S. 78, 99 (1976), prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials. Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985). Such retaliatory transfers violate an inmate's First Amendment rights. Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the

protected speech. O'Bryant v. Finch, 637 F.2d 1207, 1212 (11th Cir. 2011)(internal quotations omitted); Moton v. Cowart, 631 F.3d 1337, 1341-42 (11th Cir. 2011). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." Moton, 631 F.3d at 1341 (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)).

**A. Defendant Cowart**

In the instant Motion, Defendant Cowart argues that Plaintiff's allegations of retaliation are conclusory in nature. Motion at 8. Defendant submits that Plaintiff does not allege specific facts linking Ms. Cowart with any retaliation. Id. at 9.

The Court disagrees. The Amended Complaint alleges that Plaintiff was placed in administrative confinement for twenty-seven days at DeSoto Correctional for an unspecified reason, i.e. that he was "under investigation," and that he was being held pending transfer "due to litigation about staff at Desoto C.I."[4] Further, Plaintiff's administrative confinement occurred after Defendant Cowart was served process in this State civil rights action, and shortly after Defendant Cowart was aware of Plaintiff's return. It is well established that a prisoner exercises his First Amendment

---

[4]Plaintiff alleges that Defendant Cowart was a Colonel and Chief of Security at Desoto Correctional at the time.

rights when he complains about his conditions of confinement. <u>Farrow</u>, 320 F.3d at 1248.  Plaintiff alleges that prior to his placement in confinement another correctional officer warned him that Defendant Cowart was mad about the lawsuit. Plaintiff alleges he was placed in confinement for a second time for a six day period from January 3, 2011, to January 6, 2011, again for no reason while incarcerated at Hardee Correctional, other than when Defendant Cowart was visiting Hardee Correctional at that time.

Plaintiff also alleges that he was transferred from DeSoto Correctional to Okeechobee Correctional and Okechoobee to Hardee Correctional in retaliation for filing the State civil action against Cowart because Cowart was angry about the lawsuit. Plaintiff attaches an inmate grievance containing a response from prison officials who state that Plaintiff was transferred from DeSoto Correctional "due to the lawsuit [he] filed against the [D]epartment of [C]orrections." <u>See</u> Doc. #21-1 at 8.  Plaintiff claims he was transferred again from Okeechobee Correctional to Hardee Correctional when Defendant Cowart started working at Okeechobee Correctional.  Plaintiff alleges that a correctional officer told him he was transferred because Cowart did not want him at Okeechobee with her.  Thus, the Amended Complaint alleges that Cowart was motivated to hold him in administrative confinement and transfer him based on his filing of a State civil rights action.

-12-

The Court finds the Amended Complaint sufficiently states a retaliation claim against Defendant Cowart to withstand dismissal at this stage of the proceedings. O'Bryant v. Finch, 637 F.2d at 1212. Because the Court finds Plaintiff's right not to be retaliated against for filing a State civil action was clearly established, the Court denies Defendant's Motion based on qualified immunity. Wright, 795 F.2d 964; Moody, 429 U.S. 78; Bridges, 757 F.2d 1155; Wildberger, 869 F.2d 1467.

### B.  Defendant Holmes

As previously stated, the Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.

The Amended Complaint does not contain any allegations establishing a causal connection between Defendant Holmes and Plaintiff's alleged retaliatory transfers, or administrative confinement.  Accordingly, the Court will *sua sponte* dismiss Defendant Holmes pursuant to § 1915A.  The Court will direct the

United States Marshal to effect service of process on Defendants Morris, Parker, and Lawson by separate order.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Cowart's Motion to Dismiss (Doc. #25) is **DENIED**.

2. Defendant Cowart shall file an Answer and Affirmative Defense within **twenty-one (21) days** from the date on this Order.

3. The Court *sua sponte* dismisses Defendant Holmes pursuant to § 1915A for the reasons herein. The Clerk of Court shall enter judgment accordingly as to Defendant Holmes and correct the caption of the case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __8th__ day of February, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record