UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHANIEL R. BRAZILL,
    Plaintiff,

v.                                           Case No.: 2:10-cv-00458-JES-DNF

BETH E. COWART,
RONALD L. HOLMES,
G. MORRIS,
S. PARKER, and
J. LAWSON,
    Defendants.
_____/

## DEFENDANT BETH E. COWART'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES OF DEFENDANT BETH E. COWART

COMES NOW, Defendant Beth E. Cowart, by and through her undersigned attorney and pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure files her response to Plaintiff's First Interrogatories of Defendant Beth E. Cowart.

1. Please identify each official, including name, title, and position, with whom you conferred with or spoke to about the lawsuit filed against you by Nathaniel R. Brazill in 2009.

   **Response:**

   **Ronald Homes, retired Assistant Warden (AWP), Glen Morris, State Classification Officer and L. Rhembrant, employee**

**EXHIBIT**



2. Please describe in as much detail as possible what actions or steps you took learning that Nathaniel R. Brazill had filed a lawsuit against you in 2009.

   **Response: Discussed the matter with Assistant Warden (AWP) R. Holmes – because I/M Brazill had filed suit against the entire administrative staff, what if anything, can we as an administration do so that every security discussion not be construed as retaliation.**

3. Please identify each document, including but not limited to memoranda, correspondence, and emails, created or written by you, that evidence, mention, or refer to the lawsuit filed against you by Nathaniel R. Brazill in 2009.

   **Response: None**

4. Please identify the name, title, and position of the person who suggested, mentioned, or counseled placing Nathaniel R. Brazill in administrative confinement at DeSoto C.I. on November 5, 2009.

   **Response: Glen Morris, State Classification Officer, as I/M Brazill was special reviewed, protocol directed he be placed in administrative confinement pending transfer.**

5. Please describe in as much detail as possible the reason or justification given for placing Nathaniel R. Brazill in administrative confinement at DeSoto C.I. on November 5, 2009.

   Response: *Please see Response Number 4 above.*

6. Please describe in as much detail as possible the actions or steps taken by you to have Nathaniel R. Brazill placed in administrative confinement at DeSoto C.I. on November 5, 2009.

**Response:** *Upon learning I/M Brazil was Special Reviewed (see Response Number 4 above), I instructed Shift Supervisor, Daiquiri Duncan to place him in Administrative Confinement.*

7. Please identify each document, including but not limited to memoranda, correspondence, and emails, created or written by you, that evidence, mention, or refer to having Nathanial R. Brazill placed in administrative confinement at DeSoto C.I. on November 5, 2009.

   **Response: None**

8. Please describe in as much detail as possible the policy and procedure in effect in 2009 to obtain approval for the transfer of an inmate from DeSoto C.I.

   **Response: I am not involved in this process, they are actions initiated by programs outside my work area. I am not familiar with their policies and procedures.**

9. Please describe in as much detail as possible your involvement, either directly or indirectly, in having Nathaniel R. Brazill classified as "Special Review" in 2009.

   **Response: I was not involved in I/M Brazill's "Special Review." Please see response to number 2 as to communications to Warden Holmes.**

10. Please describe in as much detail as possible the reason or justification given for the transfer of Nathaniel R. Brazill from DeSoto C.I. on December 2, 2009.

    **Response: I am not involved in the transfer process. See response to number 8.**

11. Please identify each document, including but not limited to memoranda, correspondence, and emails, created or written by you, that evidence, motion, or refer to the transfer of Nathaniel R. Brazill from DeSoto C.I.

    **Response: None. I receive notification by Population Management (Tallahassee) once the transfer is approved.**

12. Please identify each official, including name, title, and position, with the authority to transfer or approve the transfer of inmates from DeSoto C.I. in November and December of 2009.

    **Response: I am aware that the State Classification Officer will approve or deny a request and then it's up to Population Management (Tallahassee) to set transfer dates and times.**

13. Please identify each official, including name, title, and position, with whom you conferred with or spoke to about the transfer of Nathaniel R. Brazill from DeSoto C.I. in 2009.

    **Response: to the extent that anything could have been discussed, please see response to number 2.**

14. Please describe in as much detail as possible what action or steps you took following your arrival at Okeechobee C.I. upon learning that Nathaniel R. Brazill was housed at Okeechobee C.I.

    **Response: Once I was advised that I/M Brazill was housed at Okeechobee C.I., I notified the Warden (P. H. Skipper) that I/M Brazill was special reviewed against me.**

15. Please identify each document, including but not limited to memoranda, correspondence, and emails, created or written by you, that evidence, motion, or refer to the transfer of Nathaniel R. Brazill from Okeechobee C.I.

    **Response: None**

16. Please identify each official, including name, title, and position, with whom you conferred with or spoke to about Nathaniel R. Brazill being housed at or transferred from Okeechobee C.I.

    **Response: P. H. Skipper, Warden**

17. Please describe in as much detail as possible what action or steps you took following your arrival at Hardee C.I. upon learning that Nathaniel R. Brazill was housed at Hardee C.I. in January 2011.

    **Response: None**

18. Please identify each document, including but not limited to memoranda, correspondence, and emails, created or written by you, that evidence, mention, or refer to Nathaniel R. Brazill being placed in administrative confinement at Hardee C.I. on January 3, 2011

    **Response: None**

19. Please identify each official, including name, title, and position, with whom you conferred with or spoke to about Nathaniel R. Brazill being housed at or placed at or in administrative confinement at Hardee C.I. in January 2011.

    **Response:** *I spoke with Colonel Lawson (AW) at the conclusion of my visit for the three day audit of Hardee C.I. Colonel Lawson advised me at that time inmate BRAZILL had been placed into Administrative Confinement based on his Special*

> *Review status from me. Until then I was not aware that he was housed at Hardee C.I.*

20. Please describe in as much detail as possible the nature of any and all threats made, either verbally or in writing, by Nathaniel R. Brazill either towards you or an official.

    **Response: as stated in I/M Brazill's request mailed May 9, 2012 to Desoto C.I. from Okeechobee C. I.:**

    > This request is to notify you that there is a proposed amendment to Rule 33-602.101 that will include personal tennis shoes as part of the class "A" uniform. Once it's finalized, don't feel "disrespected" if an inmate wears his personal tennis shoes in your office (e.g. August 10th 2009). Also, you should inform your staff when this change happens to avoid future grievances or lawsuits. I will not tire, I will not falter, and I will not fail. The course of this conflict is not known, yet its outcome is certain. Freedom and fear, justice and cruelty have always been at war, but we know that God is not neutral between them.

21. Please identify each official, including name, title, and position, with whom you conferred with or spoke to about any of the threats made by Nathaniel R. Brazil that are referenced in your response to Interrogatory #20.

    **Response: I advised Mr. Holmes that I could not respond to I/M Brazill's request due to his lawsuit filed against me and others. Mr. Holmes signed the response and forwarded it to Okeechobee C.I. for delivery.**

22. Please identify each document, including but not limited to memoranda, correspondence, and emails, created or written by you, that evidence, mention, or refer to any of the threats made by Nathaniel R. Brazill that are referenced in your response to Interrogatory #20.

    **Response: None**

6

23. Please identify each custodial official, including name, title, and position, with possession, custody, or control over each document referenced in your responses to Interrogatories #3, 7, 11, 15, 18, and 22.

**Response: None: other than as previously stated herein, I am aware of "officials" through their program description, as for example, Population Management.**

**END**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

By: *Beth E. Cowart*

BETH E. COWART


STATE OF FLORIDA
COUNTY OF OKEECHOBEE

The foregoing instrument was signed before me this _____ day of July, 2012 by Defendant, BETH E. COWART, who is personally known to me or who has produced _____ as identification and who did take an oath and says that the foregoing Answers to Interrogatories are true and correct.

WITNESS my hand and official seal in the County and State aforesaid this 12th day of July, 2012.

_____
Notary Public
State of Florida

My Commission Expires:
(Seal)

NOTARY PUBLIC-STATE OF FLORIDA
A. J. Dennis
Commission #DD835083
Expires: OCT. 29, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

7