UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHANIEL R. BRAZILL,
    Plaintiff,

v.                                    Case No.: 2:10-cv-00458-JES-DNF

BETH E. COWART,
RONALD L. HOLMES,
G. MORRIS,
S. PARKER, and
J. LAWSON,
    Defendants.
_____/

**DEFENDANT GLENN R. MORRIS RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES OF DEFENDANT GLENN R. MORRIS**

COMES NOW, Defendant GLENN R. MORRIS, by and through his undersigned attorney and pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure files his response to Plaintiff's First Interrogatories of Defendant GLENN R. MORRIS.

1. Please describe in as much detail as possible the policy and procedure in effect in 2009 to give an inmate a "Special Review" Classification

    Response:

    The policy and process is used to identify inmates who should be kept apart due to specific reason(s) or inmates who should not be housed at a facility due to a specific circumstance(s). In general, a special review can be issued if an inmate poses a risk to the security or order of the institution or for the safety of the inmate themselves.

    Please see: 33-601.209 State Classification Office and Institutional Classification Teams and 33-601.211 Special Review.

EXHIBIT B

2. Please identify each official including name, title, and position, who suggested, mentioned, or advised giving Nathaniel R. Brazill a "Special Review" classification with Beth E. Cowart.

Response:

**I am not located at Desoto C.I. nor am I directly involved with the internal dealings and affairs of the Institution. However, the Institutional Classification Team ("ICT") has local authority to make a special review recommendation and would be composed from the following positions: Chairman, Warden or Assistant Warden, Chief of Security, Major or Colonel, and the Classification Supervisor.**

3. Please describe in as much detail as possible the reason given for giving Nathaniel R. Brazill a "Special Review" classification with Beth E. Cowart.

Response:

**The Special Review recommendation was determined at Desoto C. I. I approved the Special Review only as to the institution, not to any named person. The reason for approval was to ensure to safety of the inmate as well as the institution as pending litigation involved numerous personnel at the institution.**

4. Please describe in as much detail as possible the actions or steps you took to give Nathaniel R. Brazill a "Special Review" classification with Beth E. Cowart.

Response:

**The Special Review recommendation was determined at Desoto C. I. I approved the Special Review but only as to the institution, not to any named person.**

5. Please identify the date on which it was decided to give Nathaniel R. Brazill a "Special Review" classification with Beth E. Cowart.

Response:

**I approved the Special Review as to the Institution on May 27, 2010.**

6. Please identify each document, including but not limited to memoranda, correspondence, and emails, sent or received by you, that evidence, mention, or refers to giving Nathaniel R. Brazill a "Special Review" classification with Beth E. Cowart.

   **Response: None as to any named individual.**

   **However, there was a memorandum issued by Classification Officer Orton, dated May 18, 2010, to recommend Special Review of I/M Brazill as to the facility and not any named person.**

7. Please describe in as much detail as possible the policy and procedure in effect in 2009 to transfer or obtain approval for the transfer of an inmate from DeSoto C.I.

   **Response:**

   **There are numerous methods and reasons, to many to actually name that fall under a variety of procedures or policies that can be used to transfer or obtain an approval for transfer of an inmate.**

   **As to the specific transfer of I/M Brazill while at Desoto C.I., he was given a non negative security threat transfer, which was done to resolve any possible or potential security threat to the institution, its personnel or the inmate himself. The approval was granted for that reason - to address the potential or possible issues concerning the conduct, safety or security for all involved - the facility and I/M Brazill.**

8. Please identify each official, including name, title, and position, with the authority to transfer or approve the transfer of inmates from DeSoto C.I. in November and December of 2009.

   **Response: None**

9. Please identify each official, including name, title, and position, with who suggested, mentioned, or advised transferring Nathaniel R. Brazill from DeSoto C.I. in 2009.

   **Response:**

   **Classification Officer Primus recommended transfer of I/M Brazill. The Institution Classification Team composed of Mr. Holmes, Assist Warden, Classification Supervisor Reynold Edwards, and Major Reed recommended the transfer to me as the State Classification Officer.**

10. Please describe in as much detail as possible the reason or justification given for the transfer of Nathaniel R. Brazill from DeSoto C.I.

    Response:

    **The transfer was approved for the safety of I/M Brazill and the Institution because of pending litigation filed against the Institutional staff so as to avoid any potential or possible conflict, security or safety issue.**

11. Please describe in as much detail as possible the actions or steps you took to transfer of Nathaniel R. Brazill from DeSoto C.I.

    **Response: I approved the non negative transfer to either Okeechobee or Hendry C.I.**

12. Please identify the date on which it was decided to transfer Nathaniel R. Brazill from DeSoto C.I.

    **Response: November 12, 2009**

13. Please identify each document, including but not limited to memoranda, correspondence, and emails, sent or received by you, that evidence, mention, or refers to transferring Nathaniel R. Brazill from Okeechobee C.I.

    **Response: none**

14. Please describe in as much detail as possible the nature of any and all threats made, either verbally or in writing, by Nathaniel R. Brazill in 2009, either towards you or an official.

    **Response: none**

15. Please identify each official, including name, title, and position, with whom you conferred with or spoke to about any of the threats made by Nathaniel R. Brazil that are referenced in your response to Interrogatory #14.

    **Response: none**

16. Please identify each document, including but not limited to memoranda, correspondence, and emails, sent or received by you, that evidence, mention, or refers to any of the threats made by Nathaniel R. Brazill that are referenced in your response to Interrogatory #14.

    **Response: none**

17. Please identify each custodial official, including name, title, and position, with possession, custody, or control over each document referenced in your responses to Interrogatories #6, 13, and 16.

Response: Correctional Sentence Specialist Pamela Gay, Hardee C.I.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

By: _____

GLENN R. MORRIS

STATE OF FLORIDA
COUNTY OF OKEECHOBEE

The foregoing instrument was signed before me this ___1___ day of August, 2012 by Defendant, GLENN R. MORRIS, who is personally known to me or who has produced _____ as identification and who did take an oath and says that the foregoing Answers to Interrogatories are true and correct.

WITNESS my hand and official seal in the County and State aforesaid this ___1___ day of August, 2012.

_____
Notary Public
State of Florida

My Commission Expires:
(Seal)

NOTARY PUBLIC-STATE OF FLORIDA
Melanie L. Moseley
Commission # DD824917
Expires: SEP. 22, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

5